# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REENA MACHHAL,

    Plaintiff,

v.

IKBAL MACHHAL, KARTAR CHAND, SHILE DEVI, and IKDIL, INC. d/b/a BROADWAY MARKET,

    Defendants.

Case No. 1:21-cv-00888

Hon.
Mag.

---

Nakisha N. Chaney (P65066)
Jennifer B. Salvatore (P66640)
Salvatore Prescott Porter & Porter, PLLC
*Counsel for Plaintiff*
105 E. Main Street
Northville, MI 48167
(248) 679-8711
chaney@sppplaw.com
salvatore@sppplaw.com

Patrice Lewis (P72669)
YWCA Kalamazoo
*Counsel for Plaintiff*
353 E. Michigan Avenue
Kalamazoo, Michigan 49007
(269) 345-5595
plewis@ywcakalamazoo.org

---

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

1. At age 18, Plaintiff married Defendant Ikbal Machhal, a man she did not choose, but who, instead, was chosen for her, as was the custom in India. Plaintiff's and Machhal's parents

arranged the marriage. Bearing the weight of centuries of tradition and culture, family honor, and societal norms, Plaintiff submitted to the marriage, as refusal was inconceivable.

2. Plaintiff's "arrangement" to Defendant Machhal was a mere vehicle by which he and his parents, to whom Plaintiff was culturally obliged to serve and obey as elders and in-laws, abused, controlled and exploited her for years.

3. Plaintiff was extremely vulnerable. Married as a teenager, Plaintiff never had an opportunity to establish independence or financial means. In the United States, she was in a foreign country with very limited English-speaking skills, she had no resources, there was tremendous familial and cultural pressure to endure the marriage, and she was entirely dependent on her husband and his family to survive.

4. Defendants exploited this vulnerability. They battered Plaintiff, restricted her communications to others, threatened to take and harm her children, and induced her to abort two pregnancies. They also used her for free labor at the in-laws' store in Three Rivers, Michigan, where Plaintiff was made to work daily, for hours, for years, without pay. If she refused, Plaintiff was physically punished and her children threatened. This abuse continued until medical personnel and police intervened.

5. Having escaped the abuse, and Defendant Machhal having been convicted of aggravated domestic violence against her, Plaintiff, through her attorneys, now brings this suit against Defendant Machhal and his parents for forced labor, battery and related claims.

## PARTIES, VENUE AND JURISDICTION

6. Plaintiff Reena Machhal is an individual residing in the Western District of Michigan.

7. Defendant Machhal was Plaintiff's husband by an abusive marriage arranged in India by Plaintiff's and Defendant Machhal's parents, Defendants Kartar Chand and Shile Devi.

8. Defendants forced Plaintiff, by means including physical force, punishment and threats of harm, to work at their store, Defendant Ikdil, Inc. d/b/a Broadway Market ("Broadway Market"), for long hours and no pay.

9. Defendants Chand, Devi and Machhal reside in Three Rivers, Michigan.

10. Broadway Market is located in Three Rivers, Michigan.

11. Subject matter jurisdiction is founded upon 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the laws of the United States.

12. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction to hear and decide claims arising under state law that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

13. The events giving rise to this lawsuit occurred in St. Joseph County, Michigan, which sits in the Southern Division of the Western District of Michigan.

14. Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), as this is the district in which the events giving rise to the claims occurred.

## GENERAL ALLEGATIONS

15. In February 2009, Plaintiff Reena Machhal was compelled by her family, culture and tradition to marry Defendant Machhal as his and her family arranged for her to do.

16. The marriage was not a match of "equals." Plaintiff was 18 years old at the time of her marriage, seven years younger than Defendant Machhal. Defendant Machhal's family was also wealthier and held considerable influence within their community in India.

17. In 2012, Plaintiff traveled to the United States to live with Defendant Machhal in Pennsylvania.

18. When Plaintiff arrived, Defendant Machal took her passport. At some point, Defendants Chand and Devi received and held the passport.

19. Plaintiff became pregnant.

20. Several months into her pregnancy, Defendant Machhal forced Plaintiff to move from Pennsylvania to Michigan to live with his parents so she could work in their business, Broadway Market.

21. Over Plaintiff's objection, Defendants Chand and Devi traveled to Pennsylvania and compelled Plaintiff against her will to travel with them back to Michigan because they wanted her to work at Broadway Market. They threatened, among other things, to kick her out if she did not comply.

22. Plaintiff, an immigrant in the United States, who was pregnant, knew very little English, and had no independent resources, had nowhere else to go.

23. She had no choice but to comply.

24. In Michigan, Plaintiff lived in a two-bedroom apartment with Defendants Chand and Devi, her sister, her brother-in-law and their children.

25. Even though he was hundreds of miles away, Defendant Machhal controlled Plaintiff, including through his parents and limitation of her resources.

26. Among other things, Defendant Machhal did not allow Plaintiff to have a phone. Plaintiff asked multiple times for a phone to talk to her parents and her husband but was denied. Instead, they said she could use the landline, but the landline had an attached recording device that they used to monitor her.

27. Plaintiff was also unable to drive.

28. When Plaintiff gave birth, Defendant Machhal wanted to go to India and leave Plaintiff and the baby in the United States.

29. When Plaintiff's sister and brother-in-law urged him to stay and not leave Plaintiff alone with the newborn, Defendant Machhal directed Plaintiff not to talk to her sister anymore and Plaintiff's sister, who was married to Defendant Machhal's brother, was not permitted to talk to Plaintiff.

30. Plaintiff, who was still in stitches from birth and caring for a newborn, could not even walk.

31. When the apartment complex complained that there were too many people living in the apartment, Devi and Chand put Plaintiff out to live in another apartment with her 15-day old daughter.

32. Eventually, Plaintiff's sister and brother-in-law left Michigan, leaving Plaintiff with no family support.

33. In or around 2014, Defendants forced Plaintiff to work at Broadway Market.

34. Plaintiff was not paid any money for her approximate six years of work at Broadway Market, she did not share in the proceeds or profits, and she had no ownership or other interest in the business. Plaintiff was a laborer.

35. To force Plaintiff to work at the market, Defendants threatened her, battered her, battered her daughter, and punished her when she did not comply.

36. Defendants Chand and Devi would not allow Plaintiff to have her passport because they wanted her to work at the store and did not want her traveling to India.

37. Defendants Chand and Devi called Plaintiff's parents in India to pressure her to comply, and they told Plaintiff they would force her to leave the residence and live with nothing. In doing so, Defendants knew that Plaintiff had no other place to go, no family support, no resources and she had a baby to care for.

38. When Plaintiff did not follow his direction to work at the store, Defendant Chand slapped her. Devi hit Plaintiff with a cooking pan.

39. Devi and Chand slapped and hit Plaintiff's daughter when Plaintiff did not obey them.

40. When Plaintiff refused to go to work, Devi and Chand made her stand in the snow without shoes by pushing her out the door and refusing to allow her to come back in until she agreed to go to work.

41. Devi threatened to take Plaintiff's children and move back to India.

42. Plaintiff could not turn to her family for help. Her parents tried to get her to stay because they believed if her marriage to Defendant Machhal broke up, it would negatively affect her sister's marriage to Defendant Machhal's brother.

43. Plaintiff often worked seven days a week, usually eight to nine hours a day, handling the responsibilities of running the store's onsite operation, including receiving deliveries, stocking the shelves, running the cash register, removing trash and cleaning.

44. Plaintiff had one child. When she got pregnant a second time, Defendants Machhal and Devi gave her a pill that they said were vitamins. They later admitted it was to induce an abortion. Plaintiff lost the baby.

45. A time later, Plaintiff became pregnant again. She was forced to work but sustained the pregnancy. Plaintiff gave birth to a baby boy.

46. Thereafter, Plaintiff became pregnant a fourth time. Defendant Machhal made her take the pill to terminate the pregnancy, after which she had constant bleeding and lost the baby.

47. Defendant Machhal hit Plaintiff to force her to work, on one occasion hurting her badly enough that she needed medical care.

48. Defendant Machhal, among other things, threatened Plaintiff that, if she made a report, he would take the children away from her and would tell the authorities that she wanted to kill herself.

49. At the hospital, medical personnel called the police, ultimately leading to Plaintiff's ability to escape the abuse.

50. In September 2021, Defendant Machhal was convicted of Aggravated Domestic Violence against Plaintiff.

51. His family has threatened to kill her.

## COUNT I
## FORCED LABOR
## 18 U.S.C. § 1589, 1595; M.C.L. § 750.462b

52. Plaintiff incorporates here all previously stated allegations.

53. The forced labor at issue touches upon and involves interstate commerce, including:

   a. Plaintiff's compelled transport across state lines to work in the store;

   b. Upon information and belief, items sold and purchased in the store traveled in interstate commerce.

54. Defendants knowingly provided or obtained Plaintiff's labor or services by means of force, coercion, threatened abuse of process or the legal system, confiscation of passport, serious harm, and a scheme, plan or pattern intended to cause Plaintiff to believe that if she did not perform such labor or services that she or another person would suffer serious harm, including but not limited to threats of harm to herself and children, threats to take her children away, threats to report

to authorities that she was suicidal, battery of Plaintiff, battery of her daughter, physical punishment for failure to comply, isolation or restricting communications, and withholding or prohibiting resources.

55. Defendants' conduct caused Plaintiff substantial harm, including, among other things, physical injury, pain and suffering, fear, anguish and emotional distress.

## COUNT II
## TRAFFICKING IN FORCED LABOR
## 18 U.S.C. § 1590, 1595; M.C.L. § 750.462b

56. Plaintiff restates and incorporates here all previously stated allegations.

57. Defendants knowingly provided, obtained, harbored and transported Plaintiff for forced labor within the meaning of 18 U.S.C. § 1589 and M.C.L. § 750.462b.

## COUNT III
## PARTICIPATION IN A FORCED LABOR VENTURE
## 18 U.S.C. § 1589, 1595; M.C.L. § 750.462d

58. Plaintiff restates and incorporates here all previously stated allegations.

59. Defendants constituted a group of two or more individuals associated in fact, including for illicit purposes.

60. Defendants knowingly assisted, supported and/or facilitated Plaintiff's forced labor at Broadway Market.

61. In doing so, Defendants knowingly benefited, financially or by receiving something of value from participating in this venture, including not having to engage in the labor that Plaintiff was forced to provide; money saved from not having to hire workers to perform the labor Plaintiff provided; money saved from not paying Plaintiff for the work she performed; and money obtained through the sale of products Plaintiff made during her forced labor.

62. In doing so, Defendants knew or recklessly disregarded the fact that the venture engaged in forced labor.

## COUNT IV
## ASSAULT AND BATTERY
**(***against the individual Defendants***)**

63. Plaintiff restates and incorporates here all previously stated allegations.

64. The individual Defendants assaulted and battered Plaintiff, including when Chand slapped her, Devi hit Plaintiff with a cooking pan, Chand and Devi pushed Plaintiff from the house and made her stand in the snow, Defendant Machhal struck her, grabbed her neck and shoved her, and when the individual Defendants induced her to take abortion pills.

65. In so acting, the individual Defendants intentionally acted in a forceful manner to cause a harmful or offensive contact with Plaintiff or to cause Plaintiff imminent apprehension of such a contact.

## COUNT V
## UNJUST ENRICHMENT/QUAUNTUM MERUIT

66. Plaintiff restates and incorporates here all previously stated allegations.

67. Plaintiff provided valuable services to Defendants through her forced labor at Broadway Market, for which Defendants were unjustly enriched and derived great benefit.

68. It would be inequitable for Defendants to retain those benefits having forced Plaintiff to provide labor or services and having failed to compensate her for such.

69. Defendants should be disgorged of their enrichment and Plaintiff compensated for the value of the services she provided.

## RELIEF REQUESTED

Plaintiff seeks all available relief, including but not limited to:

a. Compensation for labor performed

    b. Compensatory damages

    c. Punitive and exemplary damages

    d. Attorney fees and costs

Respectfully submitted,

SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Nakisha N. Chaney
Nakisha N. Chaney (P65066)
Attorneys for Plaintiffs
105 East Main Street
Northville, MI 48167
(248) 679-8711
chaney@spplaw.com

Dated: October 15, 2021

## JURY DEMAND

Plaintiff demands a jury trial in the above-captioned matter.

Respectfully submitted,

SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Nakisha N. Chaney
Nakisha N. Chaney (P65066)
Attorneys for Plaintiffs
105 East Main Street
Northville, MI 48167
(248) 679-8711
chaney@spplaw.com

Dated: October 15, 2021